UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| Idris Ladell Young, | ) | |
|     Petitioner, | ) | |
| | ) | No. 1:18-cv-698 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| John Davids, | ) | |
|     Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 22, 2018, Petitioner Idris Young filed a pro se Petition under 28 U.S.C. § 2254, seeking relief from his state court convictions on ten charges, including two counts of carjacking, two counts of conspiracy to commit carjacking, one count of carrying a concealed weapon, one count of being a felon in possession of a firearm, and five counts of possessing a firearm during the commission of a felony. (ECF No. 1.) The Court then directed Plaintiff to refile his Petition on the proper form. (ECF No. 7.) Davids did so. (ECF No. 8.)

The magistrate judge then performed an initial screening and determined that Young's petition is time-barred, and that petitioner had not satisfied either equitable tolling or actual innocence. Now before the Court are Petitioner's objections to the Report and Recommendation. (ECF No. 10.)

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn,* 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In his objections, Young acknowledges that his Petition is untimely. (ECF No. 10 at PageID.53 ("Defendant doesn't wish to deny that [the] habeas corpus motion sent June 19, 2018 was late.).)

Young instead states that he "only wishes to argue that he is being unlawfully held." But he has not developed any argument to explain how or why he is being unlawfully held by merely asserting that his conviction violated his right to due process.

To the extent that Young is arguing that his state court conviction violated the laws of the United States (and ignoring the absence of developed argument), it could be sufficient to state a claim under § 2254, but it would not excuse him from the statute of limitations. And
2

Petitioner has not otherwise attempted to challenge the magistrate judge's conclusion that he was time-barred. Accordingly, the objections (ECF No. 10) will be overruled.

Petitioner has also filed a motion for relief from the judgment. (ECF No. 11.) As no judgment had entered at that time, the Court will liberally construe the filing as a supplemental objection. Once again, Petitioner resorts to conclusory assertions that his conviction violates the laws of the United States without developing any argument to support his claim. Accordingly, he has raised no cognizable objection here either.

In his supplemental filing, Young also asks that his § 2254 petition "be accepted as [a] 2255 [petition]." However, 28 U.S.C. § 2255 only authorizes the Court to hear collateral attacks on federal convictions, which is not applicable to him. *See* 28 U.S.C. § 2255(a). Moreover, the same rules governing the statute of limitations apply in § 2255 proceedings, so Young would run in to the same barriers that have prevented full consideration of his claims under § 2254.

Therefore, the Court **OVERRULES** Petitioner's objections (ECF Nos. 10–11) and **ADOPTS** the Magistrate Judge's Report and Recommendation as the Opinion of the Court. (ECF No. 9.) The Amended Petition (ECF No. 8) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court

of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

Date: March 25, 2019     /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

4